# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

ROBERT BRENT GOODWIN, :

    Petitioner, :
                                        CIVIL ACTION NO. 18-0296-KD-MU
                                        :
vs.                                        CRIMINAL NO. 16-0008-KD
                                          :
UNITED STATES OF AMERICA,
                                          :
    Respondent.

## REPORT AND RECOMMENDATION

This cause is before the Court on Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 43), the Government's motion to dismiss (Doc. 45), and Petitioner's reply (*see* Doc. 51)[1]. This action has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). Following consideration of all relevant pleadings, it is recommended that Goodwin's § 2255 motion (Doc. 43) be dismissed as time-barred pursuant to 28 U.S.C. § 2255(f)(1) & (3).

---

[1] Concurrent with this reply, Goodwin also filed another form § 2255 motion to vacate (Doc. 50). Because this "new" motion to vacate offers nothing of import (*see id.* at 1-12 (Petitioner's completion of half of the first page but mere checkmarks thereafter, along with the "N/A" notation)) it is hereby **STRICKEN**.

**BACKGROUND**

On March 17, 2016, Goodwin entered a counseled guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1),[2] as charged in the sole count of the Indictment. (*Compare* Doc. 18 *with* Doc. 1.) Goodwin was sentenced, on June 17, 2016, to a low-end Guidelines sentence of 100 months (*see* Docket Sheet), with judgment being entered on July 1, 2016 (Doc. 35; *see id.* at 2 (running the sentence concurrent to any yet-to-be-imposed state sentences in 3 state revocation cases)). Goodwin filed a notice of non-appeal on June 20, 2016. (Doc. 34.)

In his motion to vacate, filed on or about July 2, 2018 (Doc. 43), Goodwin contends that in light of the holding in *Sessions v. Dimaya,* 138 S.Ct. 1204, 200 L.Ed.2d 549 (April 17, 2018) (holding that the residual clause of the federal criminal code's definition of "crime of violence," as incorporated into the Immigration and Nationality Act's definition of aggravated felony, was impermissibly vague in violation of due process), which extended the holding in *Johnson v. United States,* 135 S.Ct. 2551, 192 L.Ed.2d 569 (June 26, 2015) (finding the ACCA residual clause in § 924(e) to be unconstitutionally vague)[3] to 18 U.S.C. § 16(d), *see* 138 S.Ct. at 1210, his conviction

---

[2] "It shall be unlawful for any person [] who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year[,] to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." 18 U.S.C. § 922(g)(1).

[3] *See Welch v. United States,* 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016) (finding *Johnson* to be retroactive to cases on collateral review).

2

under 18 U.S.C. §§ 922(g) and 924(a)[4] is unconstitutional and he, indeed, is actually innocent of that charge. (*See* Doc. 43, Exhibit 1, at 3; *see also* Doc. 51, at 2-6.) And after the government filed its motion to dismiss, arguing that Petitioner has no *Dimaya*-based claim because the Supreme Court did not announce any new rule of law as to § 922(g)(1) (Doc. 45, at 3), and besides, though he pleaded guilty to an offense under 18 U.S.C. § 922(g), he was not sentenced under the ACCA or the career-offender provisions of the sentencing guidelines (*see* Doc. 45, at 3 n.1). Goodwin filed a reply on September 5, 2018, in which he reiterates that he is actually innocent of possession of a firearm by a convicted felon under 18 U.S.C. §§ 922(g) and 924(a) because this "offense" was effectively found unconstitutional in *Dimaya* (*see* Doc. 51, at 2-6). In other words, Goodwin appears to be arguing that because the residual clause of the federal criminal code's definition of "crime of violence," as incorporated into the Immigration and Nationality Act's definition of aggravated felony under 18 U.S.C. § 18(d) is void for vagueness and was "struck down" in *Dimaya*, he should be found actually innocent of violating 18 U.S.C. §§ 922(g) and 924(a) because this "offense" was effectively eviscerated by *Dimaya*. (*Compare id. with* Docs. 43, Exhibit 1, at 3-7).

## **CONCLUSIONS OF LAW**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2255 providing for a one-year period of limitations within which federal

---

[4] 18 U.S.C. § 924(a)(2) sets forth the statutory punishment for an individual who knowingly violates subsection (g) of § 922: specifically, he "shall be fined as provided in this title, imprisoned not more than 10 years, or both." *Id.*

prisoners must file their motions to vacate pursuant to 28 U.S.C. § 2255. *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir.), *cert. denied,* 531 U.S. 971, 121 S.Ct. 410, 148 L.Ed.2d 316 (2000).

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In the typical case, a petitioner interposes no argument in favor of application of subsections (2), (3), and (4) of § 2255(f), such that the timeliness of a motion to vacate, set aside or correct a sentence becomes relatively easy to calculate under § 2255(f)(1) based upon the date on which a petitioner's judgment of conviction became final. In this case, Goodwin did not file a direct appeal and, therefore, his conviction became final fourteen (14) days after this Court entered its July 1, 2016 written judgment, that is, on July 15, 2016, the date on which the time for filing a notice of appeal with this Court expired. *Compare* Fed.R.App.P. 4(b)(1)(A)(i) *with Adams v. United States*, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999) ("[W]here a defendant does not pursue a direct appeal,

4

the conviction becomes final when the time expires for filing a direct appeal.") and *Akins, supra,* 204 F.3d at 1089 n.1 ("A conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted."). Thus, Goodwin's one-year limitations period for filing his § 2255 motion began running on July 15, 2016 and expired on July 15, 2017. And, of course, it is because Goodwin's motion (*see* Doc. 43 (filed on or about July 2, 2018)) to vacate comes almost one year following the expiration of his one-year limitations period that he seeks to argue that his motion to vacate is timely under § 2255(f)(3) ("[T]he date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]"), based upon the Supreme Court's decision in *Dimaya*.

Goodwin's argument, however, misses the mark (and his petition remains untimely under § 2255(f)(1)) because Petitioner unequivocally received a low-end guidelines sentence[5] and the Supreme Court, in *Beckles v. United States*, recently held that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause[.]"[6] *Beckles v. United States,* 137 S.Ct. 886, 895, 197

---

[5] The record in this case is clear that Goodwin was sentenced under United States Sentencing Guidelines, not the ACCA. (*Compare, e.g.,* Doc. 28, at ¶ 67 ("**Guideline Provisions**: Based upon a total offense level of 25 and a criminal history category of V, the guideline imprisonment range is 100 to 125 months. However, the statutorily authorized maximum sentence of 10 years is less than the maximum of the guideline range; therefore, the guideline range is 100 months to 120 months. U.S.S.G. § 5G1.1(c)(1).") *with* Doc. 35 (judgment reflecting a custodial sentence of 100 months)).

[6] Goodwin's argument also misses the mark for another reason and that is because though his claim is obviously a *Johnson* claim, he attempts to hitch his wagon to *Dimaya* given that his motion to vacate was obviously filed more than one year after the Supreme Court issued its decision in *Johnson* on June 26, 2015, 135 S.Ct. at 2551. *Compare* (Continued)

L.Ed.2d 145 (March 6, 2017); *id.* at 892 ("Unlike the ACCA[ ], the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.");[7] *see also United States v. Matchett,* 802 F.3d 1185, 1193-96 (2015)

---

*Johnson v. United States,* 2016 WL 5452804, *2 (D. Md. Sept. 29, 2016) ("The Supreme Court issued its opinion in *Johnson* on June 26, 2015. Therefore, the deadline to file a Section 2255 motion for relief under *Johnson* was June 26, 2016. However, Petitioner's Motion was not filed in this Court until July 21, 2016, significantly after the one-year statute of limitations had run. Therefore, Petitioner's motion is untimely.") and *Jones v. United States,* 2016 WL 5109169, *2 (W.D. N.C. Sept. 19, 2016) ("Petitioner's § 2255 motion to vacate should be dismissed as untimely because it was not filed within one year from the date the Johnson opinion was filed."), *appeal dismissed,* 685 Fed.Appx. 294 (4th Cir. Apr. 24, 2017) *with Dodd v. United States,* 545 U.S. 353, 357 & 358, 125 S.Ct. 2478, 2482, 162 L.Ed.2d 343 (2005) ("What Congress has said in ¶ 6(3) is clear: An applicant has one year from the date on which the right he asserts was initially recognized by this Court. . . . Paragraph 6(3) identifies *one date and one date only* as the date from which the 1-year limitation period runs: 'the date on which the right asserted was initially recognized by the Supreme Court.'"). Indeed, Goodwin was not sentenced until June 17, 2016, almost one year after *Johnson* was decided, and certainly could have proffered any of his arguments at that time or on direct appeal but did not, principally because he has no viable argument. Accordingly, Goodwin's motion to vacate, filed on or about July 2, 2018, is time-barred under 28 U.S.C. § 2255(f)(3) because it was filed more than one year after the Supreme Court's June 26, 2015 decision in *Johnson v. United States*. *Dimaya* has no import with respect to Goodwin's case that *Johnson* had not already supplied—principally because *Dimaya* did not announce any rule as to § 922(g)(1)—and, therefore, Petitioner's attempt to hitch his wagon to *Dimaya* need fail. However, even if *Dimaya* has any import on its own, separate and apart from *Johnson,* Petitioner's argument still fails because *Dimaya* "has not been 'made retroactively applicable to cases on collateral review,'" thereby allowing Goodwin to bring his § 2255 motion outside the one-year limitations period, *see, e.g., Lane v. United States*, 2018 WL 2976993, *2 (S.D. Ga. May 21, 2018) (citing 28 U.S.C. § 2255(f)(3)), *report and recommendation adopted,* 2018 WL 2972349 (S.D. Ga. June 13, 2018); accordingly, Petitioner's § 2255 motion remains untimely.

[7] That Goodwin received a Guidelines sentence, as opposed to being sentenced under the residual clause of the Armed Career Criminal Act ("ACCA"), set forth in 18 U.S.C § 924(e), is clear (*see* footnote 5, *supra*) because had the ACCA been applied he would have been subject to a 15-year statutory minimum sentence, *compare, e.g., In re Hires,* 825 F.3d (Continued)

6

(holding *Johnson* does not invalidate the residual clause in the sentencing guidelines, U.S.S.G. § 4B1.2(a)(2)), *reh'g denied*, 837 F.3d 1118 (11th Cir. 2016) (en banc), *cert. denied,* 137 S.Ct. 1344, 197 L.Ed.2d 532 (2017); *see United States v. Kirk,* 636 Fed.Appx. 548, 550 (11th Cir. Jan. 28, 2016) (holding that "**nothing in Johnson precludes the application of the offense level increases or enhancements in the advisory sentencing guidelines**." (emphasis added)). Accordingly, *Dimaya* fails to provide Goodwin an avenue for evading the application of the one-year limitations period set forth in 28 U.S.C. § 2255(f)(1). *See Ruff v. United States,* 2018 WL 2087249, *1 (S.D. Ga. May 4, 2018) (finding that *Dimaya,* like *Johnson,* "has no application to the United States Sentencing Guidelines.").

Based upon the foregoing, and because Goodwin's motion to vacate contains no argument that he is entitled to equitable tolling of the limitations period—and "there is nothing in the record to support its application[,]" *Stevens v. United States*, 2013 WL 3458152, *2 n.2 (N.D. Miss. July 9, 2013)—or that he is factually innocent of the crime for which he was convicted—[8] the undersigned recommends that Petitioner's § 2255

---

1297, 1301 (11th Cir. 2016) ("Under the ACCA, a defendant who is convicted under § 922(g)(1) is subject to a 15-year statutory minimum sentence if he has three previous convictions for a violent felony, serious drug offense, or both, committed on different occasions.") *with* 18 U.S.C. § 924(e)(1) ("In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned **not less than fifteen years**, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g)." (emphasis supplied)), a sentence he obviously did not receive.

[8] In *McQuiggin v. Perkins,* 569 U.S. 383, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013), the Supreme Court held that "actual innocence, if proved, serves as a gateway through (Continued)

motion (Doc. 43) be **dismissed as time-barred** and that the Government's motion to dismiss (Doc. 45) be **granted**.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied in its entirety on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the

---

which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." *Id.* at 383, 133 S.Ct. at 1928. However, the Supreme Court also notably cautioned that "tenable actual-innocence gateway pleas are *rare*[.]" *Id*. (emphasis supplied). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id*., quoting *Schlup v. Delo,* 513 U.S. 298, 329, 115 S.Ct. 851, 868, 130 L.Ed.2d 808 (1995) (other citation omitted). Here, Goodwin simply "intones" that he is actually innocent based on his arguments regarding the "legal" application of *Dimaya* and *Johnson, supra*—that is, he simply makes an argument that he is legally innocent of being a felon in possession of a firearm—but does not assert his actual (factual) innocence and certainly has not supplied this Court with any "new" evidence establishing his actual factual innocence of the felon in possession charge. Thus, *McQuiggin* does not provide Goodwin a gateway through which his untimely § 2255 motion may pass.

district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). Given the applicability of the one-year limitations period in this case, a reasonable jurist could not conclude that this Court is in error for summarily dismissing Goodwin's motion to vacate, nor could a reasonable jurist conclude that petitioner should be allowed to proceed further with respect to his claims. *Slack, supra,* 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, petitioner is not entitled to a certificate of appealability.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-00165-WS-C, Doc. 14 (order from Eleventh Circuit denying petitioner a certificate of appealability in a case in which this exact procedure was outlined in the report and recommendation); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. Jun. 28, 2011) (providing for the same procedure), *report and recommendation adopted,* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## **CONCLUSION**

The Magistrate Judge recommends that the government's motion to dismiss (Doc. 45) the instant motion to vacate (Doc. 43) be **GRANTED** and that Robert Brent Goodwin's motion to vacate be dismissed as time-barred pursuant to 28 U.S.C. § 2255(f)(1) & (3). Goodwin is not entitled to a certificate of appealability and, therefore, she is not entitled to appeal *in forma pauperis.*

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is

found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 14th day of September, 2018.

                         s/P. BRADLEY MURRAY  
                         **UNITED STATES MAGISTRATE JUDGE**