IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 16-00008-KD-MU |
| | ) |
| ROBERT BRENT GOODWIN, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Defendant Robert Brent Goodwin's "Motion for a Reduction in Sentence Pursuant to the First Step Act and the Changes to the Compassionate Release Statute 18 U.S.C. § 3582(c)(1)(A)(i), affidavits and exhibits in support (docs. 64, 64-1 through 64-3), Goodwin's motion for appointment of counsel (doc. 64-4), the United States' response and exhibits in support (docs. 68, 70 (under seal)), and Goodwin's reply and exhibit in support (docs. 72, 72-1). Upon consideration, and for the reasons set forth herein, the motion for appointment of counsel is denied and the motion for compassionate release is dismissed without prejudice.

I. Background

On March 17, 2016, Goodwin pled guilty to the offense of felon in possession of a firearm as charged in the single count Indictment (doc. 18, doc. 1). He was sentenced on June 17, 2016 to a low-end Guideline sentence of 100 months (doc. 25). [1]

Goodwin is incarcerated at USP Lewisburg in Lewisburg, Pennsylvania. He is now 38 years old and his release date is March 16, 2023. At present, one staff member has tested

---

[1] Goodwin's criminal history category was V and total offense level was 25. His sentencing guidelines range was 100 to 120 months (doc. 28).[

positive for Covid-19 but no inmates. Two-hundred and forty-three inmates and eighty staff members have recovered. No deaths are reported. https://www.bop.gov/coronavirus/ (last visited May 10, 2021).

  II. <u>Motion for appointment of counsel</u>

Goodwin moves the Court for appointment of counsel to assist with his motion pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (doc. 64-4). Defendants do not have a constitutional or statutory right to counsel for "motions filed under § 3582; therefore, 'the decision to appoint an attorney is left to the discretion of the district court.'" <u>United States v. Reese</u>, No. 2:12-CR-87-WKW, 2020 WL 3621316, at *1 (M.D. Ala. July 2, 2020) (quoting <u>United States v. Webb,</u> 565 F.3d 789, 792 (11th Cir. 2009)) (addressing the right to counsel in the context of a § 3582(c)(2) motion).

The Court finds that appointment of counsel is not necessary. Goodwin has shown the ability to effectively set forth the facts, claims and argument and otherwise prosecute this action. Additionally, the claims are not factually and legally complex or exceptional such that appointment of counsel would be warranted. Accordingly, his motion is denied.

  III. <u>Motion pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)</u>

   A. <u>Procedural requirements</u>

Before Section 603(b) of the First Step Act of 2018 was enacted, the district court could consider a motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) only if the motion was filed by the Director of the Bureau of Prisons. Now, in relevant part and as amended by the First Step Act of 2018, the statute provides that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the

term of imprisonment…". 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239.

Goodwin states that he "submitted a request to the Warden at his facility seeking compassionate release" and that "30 days have lapsed without the Warden or the BOP filing a motion with this Court on his behalf" (doc. 64, p. 30). Goodwin cites to "Exhibit D" (Id.). However, the exhibit is not attached to the motion. The United States argues that Goodwin's motion is not properly before the Court because he did not provide any documentation to support his statement that he submitted a request to the Warden (doc. 68, p. 18-19). In reply, Goodwin states that he made the request through the prison electronic mail system and that the Bureau of Prisons has a record of the request (doc. 72). However, Goodwin did not attach any evidence to support his statement.

In United States v. Harris, 989 F. 3d 908 (11th Cir. 2021), the Court of Appeals for the Eleventh Circuit held that the procedural requirement of § 3582(c)(1)(A) is not jurisdictional but instead is a claim-processing rule. The Eleventh Circuit explained that the statute is not jurisdictional but instead it "'merely imposes a requirement on prisoners before they may move on their own behalf.'" Id. at 912 (citation omitted). In that regard, "[c]laim-processing rules require that the parties take certain procedural steps at certain specified times" and the rules "may be mandatory in the sense that a court must enforce the rule if a party properly raises it." Id. (internal quotation marks and citation omitted).

Here, the United States argues that Goodwin failed to provide any evidence that he complied with the procedural requirement of § 3582(c)(1)(A), and therefore, his motion is not properly before the Court. With notice of the United States' position, Goodwin failed to include with his reply any evidence to support his statement (doc. 72). Instead, he reiterated that he had

3

made the request and asserted that the email request would be in the records of the Bureau of Prisons. Thus, the Court finds that Goodwin has failed to provide evidence that he met either of the statutory procedural requirements that would allow the Court to consider his motion. Accordingly, his motion is dismissed without prejudice.

   B.  Compassionate release

Even if Goodwin had met either of the statutory prerequisites, he is not entitled to a reduction of sentence to time served because he has failed to show extraordinary and compelling reasons. The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i) provides that the Court "may reduce the term of imprisonment . . . after considering the [applicable] factors set forth in 18 U.S.C. § 3553(a)", if the Court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

As extraordinary and compelling reasons, Goodwin argues that he should be released to care for his teenage son because his 72 year-old father is having a difficult time raising the teenager (doc. 64, doc. 64-1, affidavit in support, doc. 72). He also argues that he should be released because the Bureau of Prisons is not adequately protecting him from Covid 19. Goodwin states that he contracted Covid 19 while incarcerated, now has lingering effects from the virus, and remains at risk for serious illness or death should he contract the virus again. Goodwin also argues that he has been rehabilitated and is no longer a threat to public safety and grant his motion.

In United States v. Bryant, - - - F. 3d - - -, 2021 WL 1827158, at *1 (11th Cir. May 7, 2021), the Court of Appeals for the Eleventh Circuit held that the Sentencing Commission's Policy Statement U.S.S.G. § 1B1.13 applies when a defendant files a motion for compassionate

4

release. Application Note 1(C)(i) in the Policy Statement provides that extraordinary and compelling reasons for compassionate release may exist upon the "death or incapacitation of the caregiver of the defendant's minor child or minor children." U.S.S.G. § 1B1.13, cmt. n.1(C)(i). Goodwin provides his father's affidavit wherein he states that he is not in good health and recently had two knee surgeries (doc. 64-1). His father also states that "it is exceptionally difficult" to care for his grandson and feels that he cannot do so (Id.). Arguably, the caregiver has some level of incapacitation which makes caring for a teenage boy difficult. However, there is no evidence that Goodwin is the only other person available to care for his son. See United States v. Burch, 2021 WL 1530726, at *3 (M.D. Fla. Apr. 19, 2021) (finding that Burch did not establish an extraordinary and compelling reason where he offered no evidence that the primary caregiver had stopped taking care of his children or that he was the only other caregiver available). According to the presentence investigation report, Goodwin's mother and brother lived in Florida, and Goodwin's daughter was residing with a maternal aunt in Louisiana. Thus, there appear to be other family members who may be available to care for Goodwin's son. Also, Goodwin has not offered any evidence as to why the mother of his son and daughter is not available to take care of their son.

     Goodwin also argues that extraordinary and compelling reasons exist for immediate release because he contracted Covid 19 while in prison, has lingering effects from the virus, and is at risk of serious illness or death should he contract the virus again. The Policy Statement indicates that an extraordinary and compelling reason may exist if the defendant "is suffering from a serious physical or medical condition … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, Application Note (1)(A)(ii)(I).

However, Goodwin does not argue that his ability to care for himself in prison has been diminished because he had Covid 19 and he does not provide any evidence as to the nature or severity of the alleged lingering effects.[2]  See United States v. Walker, 2020 WL 5258287, at *3 (N.D. Ala. Sept. 3, 2020) (finding that Walker did not establish an extraordinary and compelling reason where he "provided no evidence that he has suffered from severe illness due to the comorbidity of his medical conditions and COVID-19, or that he has suffered from any long-term effects of COVID-19").

      DONE and ORDERED this 17th day of May 2021.

                                            s / Kristi K. DuBose
                                            KRISTI K. DuBOSE
                                            CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The medical records provided by the United States indicate that Goodwin takes medication for depression and anxiety(doc. 70).