# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 16-00008-KD-MU |
| | ) |
| ROBERT BRENT GOODWIN, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on the motion for early termination of supervised release filed by Defendant Robert Brent Goodwin (doc. 74). Upon consideration, and for the reasons set forth herein, the motion is DENIED. [1]

On March 17, 2015, Goodwin pled guilty to guilty to the offense of felon in possession of a firearm as charged in the single count Indictment (docs. 1, 18). On June 17, 2016, he was sentenced to a term of imprisonment of 100 months to be followed by a 36-month term of supervised release. Goodwin was released and began supervision on March 16, 2023. At present, he has completed approximately 14 months of supervision.

Goodwin moves the Court for early termination of supervision (doc. 74). As grounds, Goodwin reports that he has been in compliance with all conditions of supervision, has maintained steady employment as a canvasser with a roofing company despite a work-related injury and rehabilitation, that he is now in a management position with the company and trains

---

[1] No evidentiary hearing is necessary when the district court denies the motion. United States v. Reagan, 162 Fed. Appx. 912, 913 (11th Cir. 2006) ("A refusal to terminate supervised release does not constitute a modification of the term of supervised release. Accordingly, the district court was not required to hold an evidentiary hearing before denying Reagan's motion."); United States v. Smith, 2010 WL 716495, at *2 (M.D. Fla. Feb. 25, 2010) (same) (citing United States v. Reagan, 162 Fed. Appx. at 913).

newly hired roofing canvassers, and that through the support of his family he will continue to successfully reintegrate into society and make meaningful and positive contributions.

Goodwin also reports that he has an opportunity to enroll in CDL classes, but his "probationary status has presented a barrier to accessing this opportunity as some institutions view it as a liability" (doc. 74, p. 2). Goodwin believes that obtaining a CDL would enhance his prospects for long-term employment and financial stability.

Goodwin's Probation Officer in Florida reports that Goodwin is in compliance with all conditions including completion of mental health and substance abuse treatment and maintaining employment. However, his Probation Officer opposes early termination on grounds that Goodwin has completed less than half of his term of supervision. Also, his Probation Officer reports that Goodwin has not approached him about travel for purpose of employment and that authorizing such travel may be considered if Goodwin remains in compliance. Goodwin's local Probation Officer notes that in addition to the above, the conduct underlying Goodwin's offense of conviction – possession of firearms, drugs, and drug paraphernalia while on community supervision for a prior drug-related felony- as well as his criminal history category of V weigh in favor of continued supervision.[2]

Pursuant to 18 U.S.C. § 3583(e)(1), after consideration of the relevant factors in 18 U.S.C. § 3553(a), the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of

---

[2] Review of the record indicates that Goodwin's criminal history included prior arrests for drugs or substance abuse related offenses, firearms possession, theft of property, and domestic violence. The Probation Office points out, several of these offenses resulted in Goodwin's placement on some level of community supervision, none of which were successfully completed.

probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).

The requisite one-year of supervised release has expired. Therefore, the Court considers the "nature and circumstances of the offense" and Goodwin's "history and characteristics", as well as the "need for the sentence imposed … to reflect the seriousness of the offense, to promote respect for the law, … to provide just punishment" …"to afford adequate deterrence to criminal conduct", and "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(C). The Court acknowledges Goodwin's present compliance with conditions of supervision and steady employment. However, compliance is the expected result for every defendant on conditions of release. Moreover, the short period of supervision (14 months), the nature and circumstances of his offense, his history and characteristics, and the need to protect the public from further crimes of the defendant, weigh heavily in favor of denying his motion. Additionally, his supervising Probation Officer has indicated that Goodwin may be able to travel for employment during his term of supervision. Accordingly, the Court is not satisfied that early termination is warranted, 18 U.S.C. § 3583(e)(1).

**DONE** and **ORDERED** this the 29th day of July 2024.

                                         /s / Kristi K. DuBose
                                         **KRISTI K. DuBOSE**
                                         **UNITED STATES DISTRICT JUDGE**